**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RYAN VALLADARES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   20-cv-379 |
| ) | |
| ) | Judge |
| CITY OF CHICAGO, and CHICAGO ) | |
| POLICE OFFICERS ALBERTO GARZA, ) | |
| Star # 18886, OFFICER  DANIEN CABRERA, ) | |
| Star # 9741, and OFFICER KNAIZ, ) | |
| Star # 13217, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

NOW COMES Plaintiff, RYAN VALLADARES, by and through counsel, Jared S. Kosoglad, P.C., complaining of the Defendants, CITY OF CHICAGO, and CHICAGO POLICE OFFICERS ALBERTO GARZA, Star #18886, OFFICER DANIEN CABRERA, Star # 9741, and OFFICER SCOTT KNAIZ, Star #13217, and states as follows:

### **INTRODUCTION**

1. This is a civil action seeking damages against defendants for committing acts under color of law that deprived Plaintiff of rights secured by the Constitution and laws of the United States.

### **JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

## PARTIES

3. PLAINTIFF RYAN VALLADARES ("Plaintiff") is a citizen of the United States of America, who at all times relevant resided in Chicago, Illinois.

4. DEFENDANT CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the individual Defendants.

5. DEFENDANT OFFICER GARZA, Star # 18886, was at the time of this occurrence, a duly licensed police officer employed by the Chicago Police Department. He or she is sued in his or her individual capacity.

6. DEFENDANT OFFICER CABRERA, Star #9741, was at the time of this occurrence, a duly licensed police officer employed by the Chicago Police Department. He or she is sued in his or her individual capacity.

7. DEFENDANT OFFICER KNAIZ, Star #13217, was at the time of this occurrence, a duly licensed police officer employed by the Chicago Police Department. He or she is sued in his or her individual capacity.

## FACTS

8. On October 28, 2018, Plaintiff was arrested by Defendants Garza and Cabrera at the intersection of Lockwood and Altgeld streets in Chicago, Illinois.

9. At the moment of arrest, the individual defendant officers lacked probable cause or any other lawful justification for Plaintiff's arrest.

10. Even if probable cause existed at the moment of arrest, probable cause dissipated during the course of the individual defendants' investigations.

11. Back at the police station after Plaintiff's arrest, Defendant Knaiz falsified the results of Plaintiff's sobriety tests to justify his detention.

12. The individual defendants caused Plaintiff to be charged with reckless conduct and a concealed carry violation.

13. Both charges were dismissed in a manner indicative of Plaintiff's innocence, including a trial on the reckless conduct charge before the Honorable Judge Daniel Gallagher of the Circuit Court of Cook County on April 4, 2019.

14. The individual defendants agreed by and between themselves to falsely arrest, seize, and/or falsely charge the Plaintiff with criminal offenses all the while knowing the arrest and charges lacked probable cause.

15. As a direct and proximate result of the above described conduct, Plaintiff was injured, including lost time, emotional and psychological distress, lost property, attorneys' fees, and the violation of Plaintiff's constitutional rights.

## COUNT I: 42 U.S.C. § 1983 Illegal Seizure/False Arrest
### Against All Defendants

16. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

17. The actions of the defendants constituted a show of authority that restrained Plaintiff's liberty, and Plaintiff submitted to the Defendants' show of authority.

18. Defendants Garza and Cabrera detained Plaintiff without any lawful basis.

19. Defendant Knaiz caused Plaintiff's detention to continue by fabricating circumstances to justify it.

20. The Defendants lacked probable cause to arrest Plaintiff.

21. The conduct of the Defendants was in violation of the Fourth Amendment to the United States Constitution.

22. The aforementioned actions of the Defendants were the direct and proximate cause of the Constitutional violations set forth above, and directly and proximately caused Plaintiff to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, loss of liberty, and financial loss, as well as by what is described in ¶ 15.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 745 ILCS 10/9-102 – Indemnification
### Against Defendant City of Chicago

23. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

24. Defendant City of Chicago is the employer of the individual Defendant Officers.

25. Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the Chicago Police Department.

WHEREFORE, should Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys' fees and costs awarded.

### COUNT III: Malicious Prosecution
### Against All Defendants

26. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

27. The individual defendants caused Plaintiff to be prosecuted on false charges for which they knew there was no probable cause.

28. The prosecution was initiated and continued with malice and with a reckless indifference to Plaintiff's right to be free from unwarranted prosecutions.

29. The charges against Plaintiff were dismissed in a manner indicative of Plaintiff's innocence.

30. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, as more fully described in ¶ 15, all to Plaintiff's damage.

31. The City is sued in this Count under the doctrine of *respondeat superior*, since the individual defendants acted within the scope of their employment.

WHEREFORE, Plaintiff demands judgment against the defendants for compensatory damages and against the individual defendants for punitive damages, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

RYAN VALLADARES

By: s/ Jared Kosoglad
Plaintiff's Attorney

JARED S. KOSOGLAD, P.C.
223 W. Jackson, Suite 200
Chicago, IL 60606
T: 312-513-6000
E: jared@jaredlaw.com